**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

WILLIAM JEFFERSON, III,

        Plaintiff,

vs.                                 Case No. 5:99-cv-22-Oc-32

JO ANNE B. BARNHART,
Commissioner of Social Security,

        Defendant.

---

**ORDER ON PETITION FOR ATTORNEY'S FEES**

This case is before the Court on plaintiff's Application for An Award of Attorney's Fees Pursuant to 42 U.S.C. § 406(b)(1) (Doc. 28).

Plaintiff's counsel, who obtained a sentence four remand/reversal of denial of benefits for his client in this social security appeal (see Doc. 20, Final Order reversing and remanding case to Commissioner), received an award of EAJA fees in the amount of $2,050.00 for his 16.40 hours of work in federal court on this case. See Doc. 25 (Order on Application for Attorney's Fees Pursuant to the Equal Access to Justice Act). Upon remand, the Commissioner issued a decision favorable to plaintiff and found he was entitled to $50,843.10 in past due social security disability benefits. The Commissioner customarily withholds in escrow 25% of past due awards in these cases for possible payment of attorney's fees. Here, the Commissioner failed to withhold the full 25% and instead withheld $11,696.50 ($1,014.28 less than the $12,710.78 that was due to be withheld). Of the $11,696.50, the Commissioner paid counsel $4,000 for his work at the administrative level and has given plaintiff, with counsel's consent, $1,136.50 as an advance toward an

anticipated EAJA refund. Thus, the sum remaining in escrow at this time is $6,560.00. As noted above, counsel has already received $2,050.00 in EAJA fees from this Court. Additionally, counsel claims he is not entitled to pursue a 25% fee from past due benefits received by plaintiff during a three month period where plaintiff's counsel caused a delay in this case; thus, counsel claims his award should be reduced by $379.05 (25% of plaintiff's $505.40 monthly payment during 1999, times three months). Thus, the total amount counsel could be eligible to receive would be $6,281.28, which sum represents the full 25% award of $12,710.78, less the $4,000 fee received for his administrative work, less $2,050.00 in EAJA fees, less the $379.50 for delay. This amount does not exceed the sum currently held in escrow for the possible payment of a fee.

Under 42 U.S.C. § 406(b), an attorney who secures a favorable result for his client upon remand from federal court may petition the Court for a fee not in excess of 25% of the total past-due benefits to which the claimant is entitled. 42 U.S.C. § 406(b)(1)(A). In capping the fee at 25%, "Congress . . . sought to protect claimants against 'inordinately large fees' and also to ensure that attorneys representing successful claimants would not risk 'nonpayment of [appropriate] fees." Gisbrecht v. Barnhart, 535 U.S. 789, 806 (2002) (citations omitted). "Within the 25% boundary . . . the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered." Id. at 807. The Court's § 406(b) reasonableness analysis is not meant to supplant the contingency-fee arrangement, which the Court recognized as the most common fee arrangement in social security cases. Id. at 800. In fact, the Supreme Court counsels that the parties' fee agreement is the first place the Court should turn in assessing the reasonableness of a fee.

Id. at 808. Other key considerations include the character of the representation and the results the representation achieved. Id. For example, "[i]f the attorney is responsible for delay" or "[i]f the benefits are large in comparison to the amount of time spent on the case" the Court may appropriately reduce the fee. Id.

In this case, plaintiff's counsel has submitted a copy of the fee agreement entered into by plaintiff and his counsel back in 1996. See Doc. 28, Exhibit A. This signed agreement provides, among other things, that if the claim is awarded following an appeal, the plaintiff agrees to pay a fee of 25% of his past due benefits. The Court finds the parties' contingency-fee agreement is presumptively reasonable.

The Court next considers whether the character and quality of plaintiff's counsel's representation of him in this case creates any basis for a reduction. Plaintiff's counsel's practice is mainly devoted to representing individuals before the Social Security Administration and on related federal court appeals. In this case, plaintiff's counsel has stayed with this case since May of 1996 when the fee agreement was signed, seeing it through many years of consideration and review by the Commissioner and the federal court before finally achieving a successful result for his client. The Court also finds that counsel promptly prosecuted this case, creating no undue delay (other than the three month delay accounted for in the calculations described above). While the total amount of time counsel spent on this case in federal court (16.4 hours) is not particularly high compared to the amount of fee he seeks to recover for his federal work ($8,331.28, of which $2,050 has already been paid), based on the contingency contract to which plaintiff agreed, the results obtained, and with no objection from the Commissioner, the Court finds the fee to be

reasonable under the circumstances of this case.[1]  Accordingly, it is hereby

**ORDERED**:

Plaintiff's Application for An Award of Attorney's Fees Pursuant to 42 U.S.C. § 406(b)(1) (Doc. 28) is **GRANTED**.  The Court finds that a reasonable *additional* attorney's fee for plaintiff's counsel, N. Albert Bacharach, Jr., for representation of plaintiff in this case is **$6,281.28**, which sum is in addition to the $2,050.00 EAJA fee and the $4,000 paid for work at the administrative level. **The Commissioner shall now pay N. Albert Bacharach, Jr., the sum of $6,281.28 from the past-due benefits being held in escrow in this case.** The Commissioner shall refund the remainder of the escrowed past-due benefits to plaintiff. The Clerk shall enter Judgment accordingly and close the file.

**DONE AND ORDERED** at Jacksonville, Florida this 22nd day of September, 2006.

TIMOTHY J. CORRIGAN
United States District Judge

s.
Copies:

N. Albert Bacharach, Jr., Esq.
Susan Roark Waldron, Esq. (AUSA-Tampa)

---

[1] The Court declines to adopt counsel's rationale that essentially arrived at the same fee award by a different mathematical analysis.  The Court also notes that it has some concern regarding what it perceives to be quite a delay in the filing of this motion.  However, as nearly the entire amount of the escrowed sum (save approximately $275 and whatever interest the account has beared) will go to counsel, the Court finds no real prejudice will inure to plaintiff himself.  Additionally, plaintiff did not respond to his counsel's motion (notwithstanding counsel's letter advising him that he had every right to do so, see Doc. 28, Exhibit A) and the Commissioner did not file any response to the motion.  Thus, in this case, the Court finds that the fee is due to awarded, despite the apparent delay.